UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50990
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUELA VEJAR-URIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

January 15, 1999

Before JOLLY, BARKSDALE and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Manuela Vejar-Urias appeals from a conviction in the district court for importation of marijuana and for possession of marijuana with intent to distribute. Vejar argues on appeal that the district court violated her Sixth Amendment right to confront adverse witnesses by admitting hearsay testimony regarding her non-testifying co-defendant's post-arrest statements. Although we agree that the district court erred by admitting evidence of the statements, we find that error harmless and AFFIRM Vejar's conviction.

BACKGROUND

Vejar and her sister, Benita Torres, were arrested on April 11, 1997 at the Ysleta port of entry in El Paso, Texas. United States Customs Inspector George Hernandez became suspicious that the two women were attempting to distract him during routine questioning and inspection of the station wagon in which they were traveling. After Hernandez asked Vejar, who was driving, to open the tailgate, he noticed that the screws on a sidewall panel of the cargo area had been tampered with. Pulling back the panel, he observed several plastic-wrapped bundles. Hernandez asked Vejar if the station wagon was her car, and she replied that it was. A further search of the vehicle revealed 125 pounds of marijuana concealed above the ceiling panel and behind the interior walls on both sides of the cargo area.

Vejar and Torres were taken into custody and questioned separately regarding their trip to Mexico. Initially, both women claimed that they had taken a car owned by Torres to Mexico to have it repaired and that two men at the repair station, "Ruben" and "Chato," had loaned them the station wagon. Eventually, however, Torres confessed that she and Vejar had gone to Mexico specifically to pick up the drug-laden vehicle.

At their joint trial for importation of a controlled substance under 21 U.S.C. §§ 952(a) and 960(a)(1) and possession with intent to distribute under 21 U.S.C. § 841(a)(1), both Vejar and Torres elected not to testify. Because Torres could therefore not be cross-examined, Vejar argued that Bruton v. United States, 391 U.S. 123 (1968), precluded the admission of hearsay testimony regarding any inculpatory statements made by Torres to customs agents that

also implicated Vejar. The district court overruled Vejar's objections and permitted the government to adduce testimony at trial concerning Torres's statements. Vejar now appeals that decision by the district court.

At issue is evidence regarding three statements made by Torres. At trial, Customs Agent Ramon Torrez testified on direct examination that Torres had admitted that she was "told by *someone* to lie about the story about going to get the vehicle fixed" (emphasis added) and that she had not met "Ruben" and "Chato" but "she was told by *someone* what their names were" (emphasis added). In both instances, Agent Torrez substituted the word "someone" for Vejar's name. On redirect, however, Vejar's name was mentioned when Agent Torrez testified that Torres had been hesitant to put her responses in writing because "[s]he didn't want her sister, Defendant Vejar, to know what she was saying about her." The jury was not given any limiting instructions concerning this testimony.

In addition, the Government was permitted to present evidence at trial that one month before her arrest at the Ysleta port of entry, Vejar had been detained at an immigration checkpoint in connection with a seizure of more than forty pounds of marijuana from a car driven by her son.

The jury found Vejar and Torres guilty of both drug offenses.

DISCUSSION

In <u>Bruton v. United States</u>, 391 U.S. 123 (1968), the Supreme Court held that the right to confront adverse witnesses guaranteed by the Sixth Amendment bars the admission of statements made by a

3

nontestifying codefendant that implicate the nonconfessing defendant. See id. at 137. The specific evidence at issue in Bruton was a postal inspector's hearsay testimony that Bruton's codefendant had confessed both his own and Bruton's involvement in an armed postal robbery. The Court ruled that the admission of the testimony violated Bruton's right to confrontation despite the district court's limiting instruction to the jury to refrain from using the codefendant's admission as evidence against Bruton. Subsequent to Bruton, this Court held that a trial court's evidentiary rulings relying on Bruton are reviewed for abuse of discretion. See United States v. Walker, 148 F.3d 518, 522 (5th Cir. 1998).

The Supreme Court's subsequent cases have not specifically addressed the situation in this case, where the codefendant's confession was redacted by substituting the name of the defendant with a neutral pronoun. The Court has, however, explicated the degree to which a defendant must be inculpated by a nontestifying codefendant's statements before a Bruton violation has occurred.

In Richardson v. Marsh, 481 U.S. 200 (1987), for example, the Court found that there was no Bruton violation where the codefendant's statement was redacted to eliminate both the defendant's name and all reference to his existence and the jury was given a proper limiting instruction. See id. at 211. Although the codefendant confession at issue in Richardson inculpated the defendant when considered in light of other evidence presented in the case, the Court found its admission did not violate Bruton

4

because "the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial." Id. at 208. Enlarging upon that holding, this court has found on several occasions that admitting redacted confessions in which a pronoun was substituted for the defendant's name did not violate Bruton. See, e.g., United States v. Fletcher, 121 F.3d 187, 197-98 (5th Cir. 1997) (finding that substitution of "he" for defendant's name in codefendant's confession did not violate Bruton).

More recently, the Supreme Court in Gray v. Maryland, 118 S. Ct. 1151 (1998), found that the admission of a codefendant's confession did violate Bruton where the confession was redacted by replacing the defendant's name with a blank in the written statement and with the word "deleted" in oral testimony. Recognizing that a jury could easily and immediately infer that the deletions in the inculpatory confession were references to the defendant, the Court held that "considered as a class, redactions that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to Bruton's unredacted confessions as to warrant the same legal result." Id. at 1156.

Although neither Richardson nor Gray directly addresses the scenario in this case, we believe controlling rules may be derived from synthesizing the principles enunciated by the Court in those cases. We find that where a defendant's name is replaced with a neutral pronoun, as long as identification of the defendant is

5

clear or inculpatory only by reference to evidence other than the redacted confession, and a limiting instruction is given to the jury, there is no Bruton violation.  Cf. Walker, 148 F.3d at 523 (finding that references to the defendant as "home boy" in his codefendant's confession did not violate Bruton because the confession was not facially implicating).  Where, however, it is obvious from consideration of the confession as a whole that the redacted term was a reference to the defendant, then admission of a codefendant's confession that also inculpates the defendant does violate Bruton, regardless of whether the redaction was accomplished by use of a neutral pronoun or otherwise.  Other circuits which have considered this issue have reached similar conclusions.  See United States v. Edwards, 159 F.3d 1117, 1124-26 (8th Cir. 1998) (finding that use of pronouns in redacted inculpatory confession did not violate Bruton where it was not obvious who pronouns referred to and limiting instruction was given); United States v. Peterson, 140 F.3d 819, 821-22 (9th Cir. 1998) (finding that admission of codefendant's confession with "person X" substituted for defendant's name  was a Bruton violation because reference of redacted text was obvious and there was no limiting instruction given).

Applying those rules to this case, we find that the district court's admission of Torres's redacted confession was a Bruton violation.  First, it was obvious from Torrez's testimony that Torres "did not want her sister Vejar to know what she was saying about her" that the previous uses of the pronoun "someone" were

6

actually redacted references to Vejar. That "someone" meant Vejar was thus clear from a consideration of Torres's out of court inculpatory statements, i.e. her confession, without reference to other evidence. Second, with the pronoun "someone" understood as referring to Vejar, Torres's confession that she "was told by someone to lie about the about the story about going to get the vehicle fixed" plainly incriminated Vejar in the drug smuggling illegality. Third, there was no limiting instruction given to the jury. Therefore, because Vejar had no opportunity to cross-examine Torres, the admission of Torres's confession violated Vejar's Sixth Amendment rights.

Despite the district court's error in admitting Torres's confession, however, we affirm Vejar's conviction because we find that the error was harmless. It is well established that a "<u>Bruton</u> error may be considered harmless when, disregarding the codefendant's confession, there is otherwise ample evidence against a defendant." <u>United States v. Hickman</u>, 151 F.3d 446, 457 (5th Cir. 1998); <u>see</u> <u>also</u> <u>Schneble v. Florida</u>, 405 U.S. 427, 432 (1972). For an appellate court to find that a violation of a federal constitutional right is harmless, it must be convinced beyond a reasonable doubt that the error was harmless in light of the other evidence presented at trial. <u>See</u> <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967). An error is not harmless if the court determines that "absent the <u>Bruton</u>-tainted confession, there was a reasonable probability that the defendants would be acquitted." <u>Hickman</u>, 151

7

F.3d at 458 (citing <u>United States v. Lewis</u>, 786 F.2d 1278, 1286 n.11 (5th Cir. 1986)).

Vejar claims that the <u>Bruton</u> error was not harmless because it severely hampered her defense claim that she lacked knowledge of the marijuana concealed in the station wagon. We disagree and find that the substantial independent evidence inculpating Vejar precludes any reasonable probability that, absent the <u>Bruton</u> violation, the jury would have found she lacked knowledge and acquitted her. That evidence included: (1) the evidence that only one month prior to her arrest in this case, Vejar had lied to customs officials at a different port of entry when she was apprehended while following her son who was driving a car containing more than forty pounds of marijuana; (2) the testimony of Inspector Hernandez that Vejar and Torres acted suspiciously during the inspection; (3) the testimony of INS Special Agent Tapia-Rodriguez that during the search of the vehicle, Vejar stated that "those terrible men had put something in my car"; (4) the testimony of Special Agent Timney that Vejar could not be connected with recorded history of the ownership of the car while Vejar indicated during the inspection that she owned the vehicle; and (5) the testimony of Customs Inspector Gonzalez, which revealed that the stories told by Vejar and Torres as to why they had been in Mexico were inconsistent in several respects.

In sum, although the district court erred by admitting into evidence an insufficiently redacted confession of Vejar's codefendant, we find that error harmless beyond a reasonable doubt

8

in light of the overwhelming weight of the other evidence against Vejar.  The district court's judgment is AFFIRMED.

RHESA HAWKINS BARKSDALE, specially concurring:

I concur in all but the conclusion that there was a *Bruton* error.  On this point, and as partially covered by the majority opinion, there are significant factual differences between the case at hand and *Gray v. Maryland*, ___ U.S. ___, 118 S. Ct. 1151 (1998).  The principal difference, not directly brought to light by the majority, is that, unlike in *Gray*, *no* written/redacted confession was given the jury to examine.  Accordingly, and in that the *Bruton* error, if any, was harmless, I would instead only assume *Bruton* error and would then apply a harmless error analysis.

9